UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**SAM LOPEZ**, individually,

                  **Plaintiff,**

v.

**THE FAT MERMAID LLC d/b/a BAR SAN MIGUEL,** a New York for Profit entity, and **YING FANG LIANG**, an individual,

                  **Defendants.**
_____

Case No. _____

## COMPLAINT

Plaintiff, SAM LOPEZ, individually, by and through the undersigned counsel, and in accordance with the Federal Rules of Civil Procedure and all other applicable rules, statutes, regulations, and governing legal authorities, hereby files the instant Complaint against Defendants THE FAT MERMAID LLC d/b/a BAR SAN MIGUEL And YING FANG LIANG for violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*.

### Jurisdictional Allegations

1. This is an action for injunctive relief for violations of the Americans with Disabilities Act (hereinafter "ADA") entitling Plaintiff to attorneys' fees,

1

litigation expenses and costs expended in pursuing this action in accordance with 28 U.S.C. § 12181 *et seq.*

2. Defendant THE FAT MERMAID LLC d/b/a BAR SAN MIGUEL (hereinafter "BAR SAN MIGUEL") is the operator of a restaurant establishment, which establishment is defined as a "place of public accommodation." *See* 28 CFR 36.201(a).

3. Said establishment is located at 307 Smith Street, Brooklyn, 11231 in Kings County. Defendant YING FANG LIANG is the documented owner of the Property.

4. Plaintiff SAM LOPEZ (hereinafter "LOPEZ" or "Plaintiff LOPEZ") is a forty-nine (49) year old young man living in Brooklyn, New York, is sui juris, and qualifies as an individual with a disability as defined by the ADA.

5. While residing in Puerto Rico with his family as a child Plaintiff LOPEZ was involved in a terrible accident. At the time of his disability Plaintiff LOPEZ was only ten (10) years old. Plaintiff LOPEZ suffered life threatening injuries including having broken his back.

6. Plaintiff LOPEZ had continued medical complications following his accident.

7. At the age of twelve (12) Shriners International in cooperation with Shriners Hospitals volunteered to assist in providing Plaintiff LOPEZ medical care.

Shriners financed Plaintiff LOPEZ's trip to the United States as well as his medical treatment.

8. Once in the United States Plaintiff had an operation for a bilateral hip disarticulation resulting in the removal of his hips and permanent paralysis. Plaintiff LOPEZ is now a paraplegic.

9. This Court has original jurisdiction over claims arising under Title III of the Americans with Disabilities Act (*see* 42 U.S.C. § 12181 *et seq.*; 28 U.S.C. §§ 2201-2202) pursuant to 28 U.S.C. §§ 1331 and 1343.

10. Venue properly lies in the Eastern District of New York as it is the federal judicial district where the property is located on which the violative establishment is conducting business.

## ADA: Lack of Reasonable Accommodations at BAR SAN MIGUEL

11. The ADA prohibits discrimination on the basis of disability by guaranteeing reasonable accommodations are provided for individuals with disabilities. As the owner of the Property and as an operator of a "place of public accommodation," Defendants are jointly responsible for ensuring compliance with the ADA and the ADA/ABA Accessibility Guidelines for Buildings and Facilities (36 CFR Part 1191, Appendices B and C) along with 28 CFR Part 36, Subpart D, the New Construction and Alterations portion of Title III (hereinafter referred to collectively as the "Accessibility Standards").

12. Plaintiff LOPEZ commutes principally using the MTA/New York City Transit Bus System although he travels to many places locally using only his wheelchair. However, Plaintiff LOPEZ receives assistance from his sister, who lives and works nearby in Brooklyn at the District Attorneys' Office.

13. Defendants have and are continuing to discriminate against Plaintiff and other similarly situated disabled individuals by failing to provide accessible facilities.

14. More specifically, Plaintiff is being deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public and Plaintiff is further deterred and discouraged from additional travel due to Defendant ongoing non-compliance with the ADA.

15. For example, Plaintiff LOPEZ cannot enter the premises without assistance from an able-bodied friend due to the structural barriers in the path of travel to the entrance of BAR SAN MIGUEL.

16. A preliminary inspection of BAR SAN MIGUEL discloses that the following barriers to access exist thus effectively discriminating against Plaintiff as a disabled individual:

    a. inaccessible entrance as existing step at entrance acts as a barrier to accessibility without required ramp not provided for step at entrance;

b. required minimum clear width not provided at opening of entrance door;

c. required minimum maneuvering clearance not provided at entrance door;

d. inaccessible dining tables as required minimum knee and toe clearance not provided at dining tables;

e. non-compliant height of dining tables exceed maximum height allowance;

f. minimum percentage of existing dining tables required to be accessible not provided;

g. inaccessible bar as height of bar exceeds maximum height allowance;

h. required minimum knee and toe clearance not provided at bar;

i. compliant signage identifying the restroom not provided as required;

j. inaccessible door lock at restroom door as height of restroom door lock exceeds maximum height allowance;

k. inaccessible lavatory in restroom as required minimum knee and toe clearance not provided at lavatory;

l. inaccessible mirror and coat hook as mounted heights exceed maximum height allowance;

    m.    inaccessible water closet as required minimum clear floor space not provided at water closet;

    n.    non-compliant distance of water closet from side wall in restroom;

    o.    required grab bars not provided at rear and side walls of water closet;

    p.    non-compliant distance of toilet paper dispenser from water closet;

    q.    failure to maintain accessible features and failing to adhere to policies, practices and procedures to ensure that the goods and services being offered, as well as the facilities themselves, are accessible to people with disabilities;

17. The above-listed discriminatory violations are not an exhaustive list of all ADA violations on the property. Plaintiff requires an inspection of Defendants' place of public accommodation in order to identify, photograph and measure all of the barriers to access that constitute discriminatory acts in violation of the ADA.

18. Notice to Defendants prior to initiating suit is not mandated by the ADA. All other conditions precedent to filing suit are satisfied or are waived by Defendants. Defendants' violations of the ADA have been ongoing despite the ADA mandating compliance.

## **Injunctive Relief Is Necessary to Prevent Future Discrimination**

19. Plaintiff frequently visits the area where Defendant-Operator's business is located. Plaintiff visited BAR SAN MIGUEL and has suffered discrimination on the basis of his disability.

20. Plaintiff plans on returning to BAR SAN MIGUEL to avail himself of the good and services offered to the public thereon, and to determine whether the property has been made ADA compliant.

21. The present violations at Defendants' facility create a hazard to Plaintiff's safety. The violations also infringe upon Plaintiff's right to travel free of discrimination causing Plaintiff harm in the form of suffering frustration, shame and humiliation as a result of Defendant' discriminatory practices or non-compliant facilities.

22. As the violations at Defendants' facility are ongoing, it would be a futile gesture for Plaintiff to return to the property so long as the above listed violations exist. Plaintiff returning to the property prior to all above violations being remedied will only further subject Plaintiff to discrimination and threaten Plaintiff's physical safety and well-being.

## **COUNT I: INJUNCTIVE RELIEF (AGAINST BAR SAN MIGUEL)**

23. Plaintiff reasserts and incorporates the allegations set forth in paragraphs 1 through 22 above as if set forth specifically herein.

24. Defendant BAR SAN MIGUEL operates a place of public accommodation with discriminatory conditions in violation of Plaintiff's rights pursuant to the ADA on Defendant YING FANG LIANG's Property.

25. Plaintiff, and all other individuals similarly situated, have been denied access to and have been denied the benefits of services, programs and activities at the Defendants' establishment and facilities as a result of the ADA violations set forth herein in paragraph 16 in violation of 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*.

26. Defendant continues to discriminate against Plaintiff and those similarly situated by failing to make reasonable modifications in policies, practices and/or procedures when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages and/or accommodations to individuals with disabilities; and by failing to take such steps or efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

27. Plaintiff is suffering true and actual harm by Defendant BAR SAN MIGUEL operating a place of public accommodation. Defendants' discriminatory practices create the potential for and/or cause Plaintiff physical harm and they contribute to Plaintiff's sense of isolation and segregation thereby depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

28. Plaintiff, and all others similarly situated, have and will continue to suffer irreparable injury and damage without the immediate relief provided by the ADA and requested herein. Plaintiff is without any adequate remedy and law.

29. The undersigned has been retained by Plaintiff to pursue Plaintiff's rights as an individual suffering with a "disability" as defined by the ADA and Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

30. This tribunal is vested with authority to grant Plaintiff Injunctive Relief pursuant to 42 USC § 12188 for Defendants' ADA violations, including but not limited to issuing an order requiring Defendant to alter the subject property so as to make the facilities readily accessible and usable by Plaintiff and other persons with disabilities as defined by the ADA or by closing the facility until

such time as Defendant cure all ADA violations impeding disabled individuals from exercising their equal rights in accordance with the ADA.

**WHEREFORE**, Plaintiff prays for and respectfully requests the Court order the following relief:

    a. Injunctive relief against Defendant, including: an order to make all readily achievable alterations to the facility or to make the facility readily accessible to and usable by individuals with disabilities to the extent mandated by the ADA; to require Defendant to make reasonable modifications in policies, practices and/or procedures when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, and; by failing to cure their ADA violations Defendant is failing to take the steps necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

    b. award reasonable attorneys' fees, costs and litigation expenses in accordance with 42 USC § 12205;

  c. any other relief this Court deems just and proper and/or is otherwise allowable under Title II of the ADA.

## COUNT II: INJUNCTIVE RELIEF (AGAINST YING FANG LIANG)

31. Plaintiff reasserts and incorporates the allegations set forth in paragraphs 1 through 22 above as if set forth specifically herein.

32. Defendant YING FANG LIANG owns commercial real property on which it is permitting Defendant BAR SAN MIGUEL to operate a place of public accommodation with discriminatory conditions in violation of Plaintiff's rights pursuant to the ADA.

33. Plaintiff, and all other individuals similarly situated, have been denied access to and have been denied the benefits of services, programs and activities at the Defendant's building, property, and facilities as a result of the ADA violations set forth herein in paragraph 16 in violation of 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*

34. Defendant continues to discriminate against Plaintiff and those similarly situated by failing to make reasonable modifications in the physical structure so as to permit compliance with Title III of the ADA.

35. Structural modifications are necessary to eliminate architectural barriers set forth herein, which are necessary to ensure that no individual with a disability

is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

36. Permitting a place of public accommodation to operate in violation of the ADA is causing Plaintiff to suffer true and actual harm. The architectural barriers create the potential for and/or cause Plaintiff physical harm and the contribute to Plaintiff's sense of isolation and segregation thereby depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

37. Plaintiff, and all others similarly situated, have and will continue to suffer irreparable injury and damage without the immediate relief provided by the ADA and requested herein. Plaintiff is without any adequate remedy and law.

38. The undersigned has been retained by Plaintiff to pursue Plaintiff's rights as an individual suffering with a "disability" as defined by the ADA and Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

39. This tribunal is vested with authority to grant Plaintiff Injunctive Relief pursuant to 42 USC § 12188 for Defendants' ADA violations, including but not limited to issuing an order requiring Defendant to alter the subject property so as to make the facilities readily accessible and usable by Plaintiff and other persons with disabilities as defined by the ADA or by closing the facility until

such time as Defendant cures all ADA violations impeding disabled individuals from exercising their equal rights in accordance with the ADA.

**WHEREFORE**, Plaintiff prays for and respectfully requests the Court order the following relief:

    a.    Injunctive relief against Defendant, including: an order to make all readily achievable alterations to the facility or to make the facility readily accessible to and usable by individuals with disabilities to the extent mandated by the ADA; by failing to cure the ADA violations Defendant is failing to take the steps necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

    b.    award reasonable attorneys' fees, costs and litigation expenses in accordance with 42 USC § 12205;

    c.    any other relief this Court deems just and proper and/or is otherwise allowable under Title II of the ADA.

## COUNT III: DECLARATORY JUDGMENT AS TO VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

40. Title III of the Americans with Disabilities Act mandates that all places of public accommodation must provide any person with a disability equal access to the goods and services being offered to non-disabled individuals.

41. At the time Plaintiff LOPEZ visited Defendant BAR SAN MIGUEL establishment, Plaintiff could not reasonably access the goods and services otherwise available to able bodied individuals due to architectural barriers and other ADA violations (*see* 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*) set forth herein in paragraph 16.

42. The undersigned has been retained by Plaintiff to pursue Plaintiff's rights as an individual suffering with a "disability" as defined by the ADA. Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

43. At the time Plaintiff visited Defendants' property Defendant was in violation of Title III of the ADA and had denied Plaintiff reasonable access to the good and/or services being offered on their premises causing Plaintiff to retain the undersigned law firm.

44. As a result of Defendants continuously violating of Title III of the ADA Plaintiff LOPEZ has and is suffering actual harm in the form of personal

injury, humiliation including a sense of isolation and segregation, all of which are depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

45. A declaration that Defendants are in violation of the ADA at the time Plaintiff suffered real and actual harm is necessary to ensure Plaintiff is compensated for the attorneys' fees expended to obtain Defendant(s) compliance with the law.

**WHEREFORE**, Plaintiff prays for and respectfully requests a Court order declaring that Defendant, at the time Plaintiff visited Defendants' property, were in violation of Title III of the ADA, 42 USC § 12181 *et seq.;* and, that as a result of architectural barriers, Plaintiff has been denied access to the goods and/or services offered on the subject property thereby discriminating against Plaintiff as an individual with a disability.

Respectfully submitted on August 24, 2016.

**By: /s/ Tara Demetriades**
Tara Demetriades, Esq.
New York Bar No. 4185666

**ADA Accessibility Associates**
1076 Wolver Hollow Road
Oyster Bay, New York 11771
E: TDemetriades@Aol.com
T: (516) 595-5009